[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10244

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANJA KARIN KANNELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:11-cr-20701-JLK-2

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Anja Karin Kannell, a federal prisoner, appeals *pro se* the denial of her successive motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Kannell failed to identify an extraordinary and compelling reason for early release, U.S.S.G. § 1B1.13, and, in the alternative, that the statutory sentencing factors weighed against granting her motion, 18 U.S.C. § 3553(a). The United States moves for a summary affirmance and to stay the briefing schedule. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the motion for summary affirmance and dismiss as moot the motion to stay the briefing schedule.

The First Step Act provides that a district court may modify a sentence "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. Kannel moved for a sentence reduction to care for her teenage daughter due to the death of her husband. The Sentencing Guidelines provide that family

circumstances are an extraordinary and compelling reason to reduce a sentence in two situations:

(1) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 cmt. n.1(C).

Summary affirmance is appropriate because there is no substantial question that Kannell is not entitled to compassionate release. *See Groendyke*, 406 F.2d at 1162. In 2012, Kannell and her husband were incarcerated after being convicted of multiple counts of mail fraud, 18 U.S.C. § 1341, wire fraud, *id.* § 1343, and aggravated identity theft, *id.* § 1029. From the time of their imprisonment until Kannell's husband was released in 2020 for a serious medical condition, the Kannells' daughter had another caregiver. After Kannell's husband passed away in 2021, Kannell's stepson assumed responsibility for his stepsister. Kannell argues that her stepson is "unable (although willing)" to continue as her daughter's caregiver. But as the district court stated, Kannell provides no explanation "if or how her stepson is not providing adequate care, and any argument that her stepson is not providing good care is undermined by [her] proposal to live with her daughter and stepson" after her release. We decline to consider the unsworn allegations in Kannell's reply to the government motion that her

4                    Opinion of the Court                    22-10244

daughter's situation has changed. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Furthermore, as the district court highlighted, were Kannell to receive a sentence reduction, she could not care for her daughter because she "will likely be deported from th[is] country." Kannell, a German national, is required as a special condition of her supervised release to surrender to Immigration and Customs Enforcement for removal to her homeland.

We **GRANT** the motion for summary affirmance, **AFFIRM** the denial of Kannell's motion for compassionate release, and **DISMISS AS MOOT** the motion to stay the briefing schedule.